IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY LEE HUNNICUTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3721 |
| | § | |
| MELINDA O'NEAL HALL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Roy Lee Hunnicutt, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against various state employees, quasi-judicial administrative officials, and attorneys regarding the revocation of his supervised release. He asserts that these individuals conspired to revoke his release by defrauding and cheating him, creating a new parole "contract," and returning him to prison as acts of kidnaping and extortion of his property and labor. He seeks monetary compensation for these wrongful acts, and asks the Court to arrest and convict the defendants.

The Court DISMISSES this lawsuit for failure to state a claim, as follows.

*Analysis*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

The Court initially notes that federal district courts are not authorized to initiate and prosecute criminal charges at the request of civil rights litigants. *See*, *e.g.*, *United States v. Batchelder*, 442 U.S. 114 (1979). As a result, only plaintiff's request for monetary damages may be considered by the Court.

A review of federal public judicial records shows that plaintiff unsuccessfully challenged the revocation of his supervised release in a section 2254 federal habeas petition filed in the United States District Court for the Northern District of Texas, Dallas Division, on May 19, 2009. *Hunnicutt v. Quarterman*, C.A. No. 3:09-CV-0923-P (N.D. Tex. 2009). The petition was dismissed as barred by the applicable one-year federal statute of limitations on October 3, 2009. In the dismissal, the district court noted that petitioner's supervised release was revoked on December 4, 2000, and that petitioner did not seek state habeas relief until 2008 and federal habeas relief until 2009. Plaintiff filed the instant civil rights lawsuit a few days after the district court dismissed his federal habeas petition.

Most, if not all, of plaintiff's instant claims, if successful, would necessarily imply the invalidity of his supervised release revocation; thus, the claims are barred by *Heck v.*

2

*Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").

Regardless, plaintiff's claims in this lawsuit are governed by the applicable state two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). While the limitations period is determined by reference to state law, the standard governing the accrual of a cause of action under section 1983 is determined by federal law. *Burrell*, 883 F.2d at 418. The standard provides that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Id.* Plaintiff's factual allegations in the instant case show that he was aware that he had suffered an injury when his supervised release was revoked in 2000. Because plaintiff's claims accrued in 2000 but this lawsuit was not filed until 2009, plaintiff's claims are barred by limitations.

Plaintiff's complaint fails to assert a viable claim under section 1983.

*Conclusion*

This lawsuit is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this Order to the parties; to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on December 2, 2009.

_____
Gray H. Miller
United States District Judge